**Kamal D. Mann, Esq.**
**The Mann Law Offices, P.C.**
2440 W. Shaw Ave, Suite 210
Fresno, CA 93711
Tel: 559-577-7140
Email: attorney@themannlawoffices.com

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**In the Matter of** )
)
**Satwinder Singh** )
**A-246-595-778** )
Petitioner )

**PETITION FOR WRIT OF HABEAS CORPUS**

**ORAL ARGUMENT REQUESTED**

**EXPEDITED HEARING REQUESTED**

**Warden of Adelanto ICE Processing Center** )
**Secretary of the U.S. Department** )
**of Homeland Security** )
**Attorney General of the United** )
**States** )
**U.S Immigration Customs Enforcement** )
**U.S. Department of Homeland Security** )
**In their official capacities** )
Respondents )

## Introduction

1. Petitioner Satwinder Singh petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the legality of his immigration detention at the Adelanto ICE Processing Center in Adelanto, California.

2. Petitioner is Satwinder Singh, A246-595-778. He was born in India and is presently detained by U.S. Immigration and Customs Enforcement while his appeal from an Immigration Judge's removal order remains pending before the Board of Immigration Appeals.

3. Petitioner has no criminal history. On September 9, 2026, he voluntarily appeared at the ICE office in San Bernardino, California, where ICE officers took him into immigration custody.

4. Petitioner is currently confined at the Adelanto ICE Processing Center, located at 10400 Rancho Road, Adelanto, California 92301.

5. Petitioner seeks release from unlawful custody or, alternatively, a conditional writ requiring a prompt custody hearing under the correct legal framework and with the procedures necessary to remedy the violations established in this action.

6. On June 17, 2025, the Immigration Judge in Santa Ana, California, entered an order of removal against Petitioner. The Board of Immigration Appeals received Petitioner's appeal on June 18, 2025. According to the case-status information available to counsel, that appeal remains pending.

7. This petition challenges Petitioner's present physical detention and the legal procedures governing that detention. It does not ask this Court to adjudicate the merits of his removal proceedings or to substitute its judgment for that of the Board on his pending appeal.

## JURISDICTION

8. Petitioner is in federal immigration custody at the Adelanto ICE Processing Center within the Central District of California. His immediate physical custodian is located within this District.
9. This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C § 1101 *et. seq*.
10. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C § 1331 (federal question), and Article 1, § 9 cl 2. Of the United States Constitution (Suspension Clause).
11. This Court may grant relief under the habeas corpus statutes, 28 U.S.C § 2241, the Declaratory Judgment Act, 28 U.S.C § 2201 et. seq., the All Writs Act, 28 U.S.C § 1651, and the Immigration and Nationality Act, 8 U.S.C § 1252(e)(2).
12. The Petitioner is presently in custody under color of authority of the United States and such custody is in violation of the U.S. Constitution, laws, or treaties of the United States.
13. Nothing in the INA deprives this Court of jurisdiction, including 8 U.S.C. § 1252(b)(9), (f)(1), or 1226(e). Congress has preserved judicial review of challenges to prolonged immigration detention. *See Jennings v. Rodriguez*, 138 S. Ct. 830, 839-41 (2018).

## VENUE

14. Pursuant to *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493-500 (1973), venue lies in the United States District Court for the Central District of California, the judicial district in which the Petitioner is detained.

15. Venue is also properly vested in this Court pursuant to 28 U.S.C. § 1391(e) because Respondents are employees, officers, and agencies in the United States, and because a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of California.

## CUSTODY

16. ICE took Petitioner into custody on September 9, 2026, during his voluntary appearance at its San Bernardino office. Petitioner remains in ICE custody at the Adelanto ICE Processing Center.

## REQUIREMENTS OF 28 U.S.C 2243

17. The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the Respondent's "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C § 2243. If an OSC is issued, the Court must require Respondents to file a return "within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id.*

18. The habeas statute has long been recognized by Courts for its significance in protecting individuals from unlawful detention in the U.S. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a swift and imperative remedy to all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963).

## PARTIES

19. Petitioner is a 30-year-old citizen of India. Petitioner is present within the state of California as of the time of the filing of this petition. Petitioner is presently in the custody of the Department of Homeland Security (DHS) since September 9 of 2026 and has been detained pending removal proceedings. Since that time, Petitioner has sought relief from removal in Immigration Court.

20. Respondent Warden of the Adelanto ICE Processing Center exercises immediate physical custody over Petitioner and is named in the capacity responsible for that confinement.

21. Respondent Secretary of the Department of Homeland Security (DHS) and has authority over the actions of all other DHS Respondents in this case, as well as all operations of DHS. Respondent Noem is a legal custodian of Petitioner and is charged with faithfully administering the immigration laws of the United States.

22. Respondent Attorney General of the United States, and as such has authority over the Department of Justice and is charged with faithfully administering the immigration laws of the United States.

23. Respondent U.S Immigration Customs Enforcement is the federal agency responsible for custody decisions relating to non-citizens charged with being removable from the United States, including the arrest, detention, and custody status of non-citizens.

24. Respondent U.S. Department of Homeland Security (DHS) is the federal agency responsible for implementing and enforcing the INA, including the detention of noncitizens.

25. This action is commenced against all Respondents in their official capacities.

## LEGAL FRAMEWORK

26. The Due Process Clause of the Fifth Amendment provides Petitioner with important protections regarding his detention. As the Supreme Court has explained, "[f]reedom from imprisonment- from government custody, detention, or other forms of physical restraint- lies at the heart of the liberty" that the Due Process Clause protects. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

27. Since the Supreme Court's *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018) decision, the Ninth Circuit has expressed "grave doubt" that "any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so." *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018).

28. To guarantee against such arbitrary detention and to guarantee the right to liberty, due process requires "adequate procedural protection" that ensure the government's asserted justification for a noncitizen's physical confinement "outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690.

29. In the immigration context, the Supreme Court has recognized only two valid purposes for civil detention; to mitigate the risks of danger to the community and to prevent flight. The government may not detain a noncitizen based on any other justification.

30. To justify immigration detention, the government must bear the burden of proof by clear and convincing evidence that the noncitizen is a danger or flight risk. See *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011).

31. The requirement that the government bear the burden of proof by clear and convincing evidence is also supported by application of the three-factor balancing test from *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

32. First, incarceration deprives noncitizens of a profound liberty interest – one that always requires some form of procedural protections. *Diouf*, 634 F.3d at 1091-92.

33. Second, the risk of error is great where the government is represented by trained attorneys and noncitizens are often unrepresented and frankly lack English proficiency. See *Santosky v. Kramer*, 455 U.S. 745, 762-63 (1982). Moreover, Respondents detain noncitizens in prison-like conditions that severely hamper their ability to obtain legal assistance, gather evidence, and prepare for a bond hearing.

34. Third, placing the burden on the government imposes minimal cost or inconvenience, as the government has access to the noncitizen's immigration records and other information that it can use to make its case for continued detention.

35. Here, the Respondents can neither show that the continued detention of the Petitioner is reasonably related to the original purpose and the Mathews tests are satisfied. Similarly, no procedural safeguards are offered to those who remain in custody.

36. Under the three-part test of Mathews, 424 U.S., the balance overwhelmingly favors Petitioner. His interest in liberty is paramount.

37. Immigration detention is a form of civil confinement that "constitutes a significant deprivation of liberty that requires due process protection." *Addington v. Texas*, 441 U.S. 418, 4253 (1979).

38. The Refugee Act of 1980 establishes the statutory right to apply for asylum and reflects Congress's intent that individuals feeling persecution be afforded meaningful procedural protections while their claims are adjudicated, including protection from arbitrary detention that would undermine access to asylum adjudication. Refugee Act of 1980, § 101(a), Pub. L. No. 96-212, 94 Stat. 102 (1980).

39. Refugee Act reflects a legislative purpose "to give 'statutory meaning to our national commitment to human rights and humanitarian concerns.'" *Duran v. INS*, 756 F.2d 1338, 1340 n.2 (9th Cir. 1985).

40. The Refugee Act established the right to apply for asylum in the United States and defines the standards for granting asylum. It is codified in the INA.

41. The INA gives the Attorney General or the Secretary of Homeland Security discretion to grant asylum to noncitizens who satisfy the definition of "refugee." Under this definition, individuals are generally eligible for asylum if they have experienced past persecution or have a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion and if they are unable or unwilling to return to and avail themselves of the protection of their homeland because of that persecution of fear. 8 U.S.C. § 1101(a)(42)(A).

42. A grant of asylum may be discretionary, but the right to apply for asylum is not. The Refugee Act broadly affords a right to apply for asylum to any noncitizen "who is physically present in the United States or who arrives in the United States." 8 U.S.C. § 1158(a)(1).

43. Because of the life-or-death stakes that are often present in asylum matters, the statutory right to apply for asylum is robust. The right includes the right to counsel, at no expense to the government, the right to notice, and the right to access information in support of an application.

44. Noncitizens who seek asylum in the U.S. are guaranteed Due Process under the Fifth Amendment to the U.S. Constitution. *Reno v. Flores*, 507 U.S. 292, 306 (1993).

45. Noncitizens who are applicants for asylum are entitled to a full hearing in immigration court before they can be removed from the United States. 8 U.S.C. § 1229a. Noncitizens

may seek administrative appellate review before the Board of Immigration Appeals of removal orders against them and judicial review in federal court upon a petition for review. 8 U.S.C § 1252(a) *et seq*.

46. Immigration detention is civil, not punitive, and is constitutionally permissible only to serve a legitimate, nonpunitive purpose, such as preventing flight or protecting the community. Where due process requires continued detention, the government must justify it through an individualized determination of flight risk or danger. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

47. Immigration detention is civil, not punitive, and must bear a reasonable relationship to its purported purposes, such as ensuring appearance at proceedings or protecting the community.

48. The Due Process Clause of the Fifth Amendment limits the government's authority to detain noncitizens without adequate procedural safeguards. Prolonged detention without a meaningful opportunity for release violates due process, particularly where the individual has no violent criminal history and has demonstrated eligibility for relief from removal.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

49. Petitioner has exhausted his administrative remedies to the extent required by law. He has fully cooperated with Respondents and has not delayed or obstructed his detention. Petitioner's only remedy is by way of this judicial action.

50. No further administrative remedy is available that would address the constitutional violations raised in this petition.

## STATEMENT OF FACTS

51. Petitioner Satwinder Singh, A246-595-778, is a thirty-year-old Sikh citizen of India from Khera Jattan, Punjab.

52. Petitioner entered the United States at or near San Luis, Arizona, on December 27, 2022. His release records document parole in December 2022, with an expiration date of February 28, 2023, and instructions to report to ICE

53. DHS issued a Notice to Appear on March 22, 2023, placing Petitioner in section 240 removal proceedings. DHS did not designate him as an arriving alien.

54. Petitioner filed Form I-589 with the Santa Ana Immigration Court on April 12, 2023, seeking asylum, withholding of removal, and protection under the Convention Against Torture

55. His records document residence in Riverside and Fontana, California, and completed biometric processing on August 30 and September 12, 2023

56. The Immigration Judge ordered removal on June 17, 2025. Petitioner appealed the following day, challenging the adverse credibility determination. According to the case-status information provided to counsel, that appeal remains pending

57. Petitioner has no criminal history

58. On September 9, 2026, Petitioner voluntarily appeared at the ICE office at 655 West Rialto Avenue, San Bernardino, California, where officers took him into immigration custody.

59. Petitioner remains detained at the Adelanto ICE Processing Center, located at 10400 Rancho Road, Adelanto, California 92301, while his administrative appeal remains pending.

60. Petitioner's voluntary appearance before ICE and documented participation in his immigration proceedings support his request for release while he continues pursuing his pending appeal Petitioner is not a flight risk and has every incentive to meet all requirements for his

asylum matter.

## CLAIMS FOR RELIEF

### Count One

### Constitutional Claim: Violation of Fifth Amendment Right to Due Process

### Procedural Due Process

61. Petitioner restates and realleges all paragraphs as if fully set forth here.

62. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

63. Civil immigration detention is only permissible where it bears a "reasonable relation to the purpose for which the individual was committed." *Jackson v. Indiana*, 406 U.S. 715, 738 (1972). Those purposes are limited: preventing flight and protecting the community. *Demore v. Kim*, 538 U.S. 510, 528 (2003).

64. Petitioners' detention violates his right to substantive and procedural due process guaranteed by the Fifth Amendment to the U.S. Constitution.

65. The Due Process Clause of the Fifth Amendment to the U.S. Constitution prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law." U.S. Const. Amend. V. Due process protects "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693.

66. Due process requires that government action be rational and non-arbitrary. *See U.S. v. Trimble*, 487 F.3d 752, 757 (9th Cir. 2007).

67. Petitioner's continued detention without a meaningful opportunity for release violates the Due Process Clause of the Fifth Amendment.

68. Petitioner's detention is excessive and unconstitutional.

69. Petitioner's continued detention is unlawful regardless of any prior bond proceedings because Respondents lack statutory authority to detain him under the Immigration and Nationality Act. The Constitution does not permit continued civil detention where the Government cannot lawfully justify custody under a valid detention statute

**Count Two**

**Violation of the Immigration and Nationality Act Detention After Removal Proceedings**

70. Petitioner herein incorporates all allegations and facts set forth in the paragraphs above.

71. Petitioner's continued detention violates the Immigration and Nationality Act.

72. The INA does not authorize indefinite or unreasonably prolonged detention.

73. Respondents' continued detention of Petitioner violates the Immigration and Nationality Act ("INA) because Petitioner, who has a pending asylum application and was apprehended within the interior of the United States, is detained pursuant to 8 U.S.C § 1226(a), which authorizes discretionary detention and contemplates individualized custody determinations. The Immigration Judges jurisdictional ruling does not convert Petitioners detention into mandatory detention for constitutional purposes, nor does it eliminate the Government's obligation to provide a constitutionally adequate custody hearing.

74. Petitioner is presently in the custody of the Department of Homeland Security (DHS) since September of 2026 and has been detained pending removal proceedings, Respondents have failed to provide to justify continued detention under the INA.

75. The mandatory detention provision of 8 U.S.C § 1225(b)(2) does not apply to noncitizens residing in the United States who entered without inspection and were not placed in

expedited removal, and Petitioner is not subject to any other mandatory detention statute, including §1225(b)(1), 1226(c), or 1231.

76. Because Petitioner is detained under 8 U.S.C. § 1226(a), which authorizes only discretionary detention, and because Respondents have failed to lawfully justify continued detention under that statute, his continued custody exceeds statutory authority and violates the Constitution.

**Count Three**

**Violation of the Administrative Procedure Act**

77. Under the Administrative Procedure Act, a court shall "hold unlawful and set aside agency action" that is an abuse of discretion. 5 U.S.C. 706(2)(A).

78. An action is an abuse of discretion if the agency entirely failed to consider an important aspect of the problem, offers an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a different in view or the product of agency expertise. *Nat'l Ass'n of Home Builders v. Defs. Or Wildlife*, 551 U.S. 644, 658 (2007).

79. To survive an APA challenge, the agency must articulate a satisfactory explanation for its action, including a rational connection between the facts found and the choice made. *Dep't of Com. V. New York*, 139 S. Ct. 2551, 2569 (2019).

80. On information and belief, Respondents have made no substantiated finding that Petitioner is a danger to the community.

81. On information and belief, Respondents have made no substantiated finding that the Petitioner is a flight risk, in fact, the Petitioner has never failed to appear for immigration proceedings.

82. By detaining the Petitioner, the Respondents have abused their discretion.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner prays that this Court grant the following relief:

1. Assume jurisdiction over this matter;
2. Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three (3) days;
3. Declare that Petitioner's detention without an individualized determination violates the Due Process Clause of the Fifth Amendment;
4. Issue a Writ of Habeas Corpus ordering the Respondents to release Petitioner from custody; hold a hearing if warranted; determine that Petitioners' detention is not justified because the government has not established by clear and convincing evidence that Petitioner presents a risk of flight or a danger to the community in light of the available alternatives;
5. Issue an Order prohibiting the Respondents from transferring Petitioner from the district without the court's approval;
6. Declare that Petitioner's continued detention is unconstitutional and unlawful because it is not reasonably related to any legitimate purpose of immigration detention;
8. Declare that Respondents' conduct violates the Administrative Procedure Act, 5 U.S.C. §§ 702 and 706, as arbitrary, capricious, and not in accordance with law;
10. Award reasonable attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, and any other applicable authority; and
11. Grant such other and further relief as the Court deems just and proper.

Respectfully Submitted, Dated this 30th day of September 2026.

Kamal D. Mann

THE MANN LAW OFFICES, P.C.

*Attorney for Petitioner*

**VERIFICATION PURSUANT TO 28 U.S.C 2242**

I am submitting this verification on behalf of the Petitioner because I am the attorney for Petitioner. I or my co-counsel have discussed with the Petitioner the events described in this Petition. Based on those discussions, I hereby verify that the statements made in the attached Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 30th day of September 2026.

Kamal D. Mann

THE MANN LAW OFFICES, P.C.

*Attorney for Petitioner*